IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| PAUL WRIGHT, Register No. 513308, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-4162-CV-C-NKL |
| | ) | |
| VALERIE CAMPBELL, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT, RECOMMENDATION AND ORDER**

Plaintiff Paul Wright, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On December 20, 2005, defendant Valerie Campbell filed a motion for summary judgment on plaintiff's claims of denial of access to court, stating that plaintiff has failed to establish the actual injury requirement for such a claim. Plaintiff has filed a response, stating he missed his state court deadline for filing an appeal on his Rule 29.15 post-conviction motion, which was denied by the Circuit Court of Dunklin County, Missouri. Plaintiff states that upon his transfer from Algoa Correctional Center, defendant failed to timely forward his legal mail, resulting in his not receiving court orders as to his appeal. Plaintiff alleges he is now procedurally barred from appealing or otherwise challenging his conviction. Defendant has filed a reply.

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial.  Celotex, 477 U.S. at 323.  Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985).  In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts.  Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment.  Fed. R. Civ. P. 56(c).

Prisoners have a constitutional right of meaningful access to the courts.  Bounds v. Smith, 430 U.S. 817, 821 (1977).  To protect this right, prison officials must ensure prisoners have the resources needed to attack their sentences and to challenge their conditions of confinement.  Lewis v. Casey, 518 U.S. 343, 351-53 (1996).  The central concern is protecting prisoners' rights to prepare petitions or complaints.  Bounds, 430 U.S. at 828 n.17 (citing Wolff v. McDonnell, 418 U.S. 539, 576 (1974)).  However, "[t]he Constitution does not require a state to 'enable [a] prisoner to *discover* grievances, and to *litigate effectively* once in court.'"  Sabers v. Delano, 100 F.3d 82, 84 (1996) (quoting Lewis v. Casey, 518 U.S. at 354).

To prevail on a claim for denial of access to the courts, a plaintiff must show he or she suffered actual injury as a result of defendants' actions.  Lewis, 518 U.S. at 353.  In order to satisfy the actual injury requirement, a plaintiff must "demonstrate that a nonfrivolous legal claim had been frustrated or impeded."  Johnson v. Missouri, 142 F.3d 1087, 1089 (8th Cir. 1998) (quoting Lewis v. Casey, 518 U.S. at 353).

The legal appeals filing that plaintiff states defendant did not timely forward was related to his post-conviction motion for relief from judgment under Missouri Supreme Court Rule 29.07(d) (VAMR 29.07(d)).  Rule 29.07(d) states:

2

> Withdrawal of Plea of Guilty. A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

Plaintiff concedes in his deposition that he did not plead guilty; rather, he proceeded to trial, where he was convicted and sentenced. Thus, Rule 29.07(d) is inapplicable to plaintiff's conviction and sentence. Therefore, even if plaintiff's legal mail was delayed resulting in his appeal being dismissed, plaintiff's appeal of the Dunklin County, Missouri, Circuit Court's denial of his Rule 29.07(d) motion was frivolous and would have been denied regardless of plaintiff having the opportunity to file a timely response in the case. In Lewis v. Casey, the Court stated that "[d]epriving someone of a frivolous claim, . . . deprives him of nothing at all . . . ." Johnson v. Missouri, 142 F.3d at 1089 (citing Lewis v. Casey, 518 U.S. at 353 n.3).

To the extent plaintiff alleges that denial of the appeal has barred him from seeking post-conviction relief from his sentence, such a claim is not supported by the appellate court's denial of his clearly frivolous appeal. Additionally, the court notes that plaintiff's motion for post-conviction relief under Rule 29.07(d) was a successive post-conviction motion filed by plaintiff. Prior to filing his 29.07(d) motion, plaintiff had already filed a post-conviction motion under Rule 29.07 challenging his conviction, which was denied and then affirmed by the Missouri Southern District Court of Appeals. (See Doc. 29, Defendant's Motion for Summary Judgment, Exh. 2 (Order and Judgment in the Circuit Court of Dunklin County, Missouri).)

The court finds there is no dispute of material fact, and that plaintiff cannot demonstrate his Rule 29.07(d) motion was nonfrivolous. A frivolous motion for post-conviction relief cannot give rise to a denial of access-to-courts claim. Defendant is entitled to judgment as a matter of law.

On January 20, 2006, plaintiff filed a motion for an extension of time in which to respond to defendant's motion for summary judgment. Plaintiff's response was filed on January 30, 2006; thus, his motion will be treated as one for leave to file out-of-time.

IT IS, THEREFORE, ORDERED that plaintiff is granted leave to file out-of-time his response to defendant's motion for summary judgment [30]. It is further

RECOMMENDED that defendant Valerie Campbell's motion for summary judgment be granted and plaintiff's claims be dismissed [29].

3

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal. See L.R. 74.1.

Dated this 22nd day of March, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge